CHARLES BLOOM, Respondent, *v.* THE P. COX SHOE MANUFAC-
TURING COMPANY, Appellant.

1. CONTRACT OF EMPLOYMENT — MEANING OF "TRAVELING SALESMAN"
— EVIDENCE OF CUSTOM.   When, on the trial of an action for breach of a
written contract of employment as a traveling salesman, both parties treat
the instrument as indefinite and needing explanation by extrinsic facts,
and each resorts to proof of a custom in the trade construing the words
"traveling salesman," it is proper for the court to leave to the jury the
question as to the meaning of the controverted words, in the light of any
custom that, in their judgment, may have been established.

2. CONVERSATIONS LEADING UP TO CONTRACT. When, in such an action, a question is litigated on both sides and without objection, as to conversations between the parties leading up to the written contract, concerning the duties to be performed thereunder, the question may properly be submitted to the jury.

3. SMALL SALES BY EMPLOYEE. If, in an action for breach of a contract of employment as a traveling salesman, the employer contends that the employee's sales were so small in comparison with his salary that he must be regarded incompetent as a salesman, it is proper for the court to instruct the jury that if the employee honestly endeavored to make sales and did not succeed, it was one of the risks the employer took in selling goods over the country.

*Bloom* v. *P. Cox Shoe Mfg. Co.*, 83 Hun, 611, affirmed.

(Submitted December 16, 1897; decided January 11, 1898.)

APPEAL from a judgment of the General Term of the Supreme Court in the first judicial department, entered December 20, 1894, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Jonathan C. Ross* for appellant. The verdict for the plaintiff is unsupported by the evidence. (*People ex rel.* v. *Martin*, 142 N. Y. 352; *Hudson* v. *R., W. & O. R. R. Co.*, 145 N. Y. 408; *Matter of Harriot*, 145 N. Y. 540.) An error in receiving incompetent evidence if properly excepted to, can only be disregarded when it can be seen that it did no harm. (*Foote* v. *Beecher*, 78 N. Y. 155; *Carroll* v. *Deimel*, 95 N. Y. 252.) The court erred in charging the jury that it could consider as a question of fact whether the plaintiff declined to sell in New York. (*Storey* v. *Brennan*, 15 N. Y. 524; *Palmer* v. *Kelly*, 56 N. Y. 637; *Holmes* v. *Jones*, 121 N. Y. 461; *Harris* v. *Wilson*, 1 Wend. 511; *Gale* v. *Wells*, 12 Barb. 84; *Small* v. *Smith*, 1 Den. 583; *Thalheimer* v. *Lamont*, 9 N. Y. S. R. 439; *Rouse* v. *Lewis*, 2 Keyes, 352; *Cleveland* v. *N. J. S. Co.*, 89 N. Y. 627; *Greene* v. *White*, 37 N. Y. 405.)

*Joseph C. Rosenbaum* for respondent. The verdict is supported by evidence on behalf of plaintiff and is not the sub-

ject of review in this court. (*Duryea* v. *Vosburgh,* 121 N. Y. 57; *Wicks* v. *Thompson,* 129 N. Y. 634; *Schwinger* v. *Raymond,* 105 N. Y. 648.) It is a question of fact whether or not the plaintiff was bound to sell goods in the city of New York under his agreement, and the jury found for the plaintiff. As defendant did not move for the direction of a verdict at the close of the case, he cannot now claim that the facts did not warrant a submission to the jury or that the verdict was against the weight of evidence. (*Bennett* v. *Levi,* 46 N. Y. S. R. 754.)

Haight, J. The plaintiff sues the defendant corporation for breach of a written contract of service.

On the face of the contract defendant employed the plaintiff as traveling salesman for the year 1892, at an annual salary of $1,800 per annum and expenses.

The plaintiff alleges performance and the defendant avers breach of the contract on his part.

The fact is that the defendant discharged the plaintiff on the 24th day of June, 1892, for the reason that he refused to drum for trade in the cities of New York and Brooklyn.

The question litigated at the trial was the meaning to be given to the words "traveling salesman," the plaintiff contending that as the principal business office of the defendant was in the city of New York, the term "traveling salesman" implied the sale of goods by him outside of the cities of New York and Brooklyn.

The defendant insisted that the contract obligated plaintiff to sell goods wherever they might direct him to go in the United States.

The course of the trial was such that both parties treated the written instrument as indefinite and needing explanation by extrinsic facts.

Evidence was given on both sides as to the alleged custom in the trade of construing the words "traveling salesman."

The learned trial judge, in his charge to the jury, said substantially that as each party had resorted to proof of custom,

he should leave the question to the jury as to the meaning of the controverted words, in the light of any custom that might have been established in their judgment.

There was also another question litigated on both sides and without objection, as to conversations between the plaintiff and the representatives of the defendant, leading up to the written contract.

On the part of the plaintiff, he testifies that he expressly stated that he would not undertake to sell goods in the city of New York and the vicinity, as he was totally unacquainted with that territory and his traveling had been confined to the south and west.

The defendant introduced evidence to the effect that plaintiff was informed that if he signed this contract he would be expected to sell goods in the city of New York and vicinity.

That question was also submitted to the jury.

The learned General Term, in a majority opinion, held that the questions of fact were properly submitted to the jury, and as they had found the contract to be, so it was.

The dissenting opinion seems to rest entirely upon the ground that plaintiff's sales were so small in comparison to the salary that he received, that he must be regarded incompetent as a salesman.

The learned trial judge informed the jury that if plaintiff honestly endeavored to make sales and did not succeed, it was one of the risks the employers took in selling goods over the country.

The judgment should be affirmed.

All concur.

Judgment affirmed, with costs.